UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUN 1 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-57 (RBW) |
| ) | |
| VICTOR MOSCOSO-ESPANA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER

Victor Moscoso-Espana, the defendant in this criminal proceeding, seeks to reduce his sentence so that he may be released to the custody of the United States Immigration and Customs Enforcement unit of the United States Department of Homeland Security for deportation proceedings. The defendant does not indicate any statutory authority that would permit the Court to grant this relief, nor is the Court aware of any such authority. To the contrary, 18 U.S.C. § 3582 provides that a court may modify a term of imprisonment "upon motion of the defendant" in only one circumstance once seven days have passed from the date of the defendant's sentencing: where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission pursuant to 28 [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] As that precondition has not

---

[1] Section 3582(c) permits a court to modify a term of imprisonment where certain circumstances have been met, but a reduction under that sub-section must be made "upon motion of the Director of the Bureau of Prisons" or in accordance with Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1). Rule 35, in turn, provides that a sentencing court may correct any "arithmetical, technical, or other clear error[s]" in the defendant's sentence "[w]ithin [seven] days after sentencing," or, assuming certain conditions are present, may reduce a defendant's sentence "[u]pon the government's motion." Fed. R. Cr. P. 35(a)-(b). Thus, § 3582(c)(c) is the only possible avenue of relief for the defendant.

been satisfied in this case, and in the absence of any authority supporting the defendant's request, the Court must deny his motion at this time.

Accordingly, it is

**ORDERED** that the defendant's motion is **DENIED**.

**SO ORDERED** this 11th day of June, 2008.

_____
REGGIE B. WALTON
United States District Judge